UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRENDA BLANFORD,

        Plaintiff(s),

v.

SUNTRUST MORTGAGE, INC.,

        Defendant(s).

2:12-CV-852 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Brenda Blanford's motion to remand this action to state court. Doc. #10. Defendant SunTrust Mortgage, Inc. has filed an opposition (doc. #13), to which Ms. Blanford has not replied.

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Where the complaint does not establish the amount in controversy, the "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

**James C. Mahan**
**U.S. District Judge**

1   (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Pursuant
2   to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances
3   where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild*
4   *Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The removal statutes are construed
5   restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the
6   case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also*
7   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

8   SunTrust removed this action on the basis of diversity jurisdiction. *See* Petition for Removal,
9   Doc. #1, pg. 2-3. Ms. Blanford has moved to remand, arguing that though SunTrust is incorporated
10  under the laws of Virginia, it should be considered a citizen of Nevada because it has obtained
11  several licenses to conduct business in Nevada, has a registered agent in Nevada, and granted a
12  mortgage on property that exists in Nevada. Ms. Blanford's arguments appear to speak more
13  towards personal jurisdiction, as opposed to subject matter jurisdiction. Defendant has also
14  misconstrued the issue, as it focuses solely on the state of incorporation to determine citizenship.

15  It is well settled that in the context of diversity jurisdiction, a corporation is a citizen of (1)
16  the state under whose laws it is organized or incorporated; and (2) the state of its "principal place
17  of business." 28 U.S.C. § 1332(c)(1). Recently, in *Hertz Corp. v. Friend*, the Supreme Court held
18  that a corporation's principal place of business is solely determined by the state of its "nerve center."
19  – U.S. – , 130 S.Ct. 1181 (2010).

20  A corporation's nerve center is "where a corporation's officers direct, control, and coordinate
21  the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation
22  maintains its headquarters – provided that the headquarters is the actual center of direction, control,
23  and coordination." *Hertz*, 130 S.Ct at 1192. Where a corporation maintains a presence in a
24  plaintiff's state of citizenship, such as here, this fact does not necessarily defeat diversity.

25  Instead, courts have held that diversity of citizenship continues to exist unless the
26  corporation's "executive-level decisions" are made in the offices or facilities maintained in the
27  plaintiff's home state. *See L'Garde, Inc. v. Raytheon Space and Airborne Systems*, 805 F.Supp.2d
28

**James C. Mahan**
**U.S. District Judge**

1  932, 940-41 (C.D. Cal. 2011). Where, however, those decisions take place in another state, the
2  nerve-center test dictates that the citizenship of the company falls in the other state. *Id.*

3  It is undisputed that SunTrust is organized under the laws of Virginia. Furthermore, Ms.
4  Blanford has presented no argument or evidence that the executive level decisions of SunTrust's
5  mortgage business are made in Nevada. Accordingly, this court finds Ms. Blanford's challenge to
6  SunTrust's citizenship without merit.

7  The second area of inquiry required to finding diversity jurisdiction is the amount in
8  controversy. Ms. Blanford argues that the amount in controversy is lacking, because the real
9  property that was the subject of this litigation has recently been sold.[1] Without the real property
10 remaining in issue, Ms. Blanford argues that the only remaining damages include: "damages to the
11 Defendant's [sic] credit report, attorney's fees and punitive damages, all of which are realistically
12 unlikely to exceed $75,000." Mot. 4:11-12.

13 Ms. Blanford overlooks the fact that the jurisdictional amount is determined at the time of
14 removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir.
15 1998). Accordingly, this court must look to the amount in controversy, as pleaded in the complaint.
16 The subsequent sale of the property "occurr[ed] subsequent to the institution of suit" and "do[es] not
17 oust jurisdiction." *Barcume*, 24 Fed. Appx. at 756 (quoting *St. Paul*, 303 U.S. at 288-90). As
18 explained by the Court in *St. Paul*, "events occurring subsequent to removal which reduce the
19 amount recoverable, whether beyond plaintiff's control or the result of his volition, do not oust the
20 district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 293.

21 Where, as here, the parties are completely diverse from each other and the amount in
22 controversy exceeds $75,000, the federal district courts retain diversity jurisdiction over the dispute.
23 28 U.S.C. § 1332(a).
24 . . .
25

---

27 [1] Both parties have brought to the court's attention that the subject property has been sold.
   *See* Mot. at 4:10 and Opp. at 3:23; *see also* doc. #12. Accordingly, the court considers the motion
28 for preliminary injunction that Ms. Blanford filed in state court moot.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1     Accordingly,

2     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ms. Blanford's motion to remand (doc. #10) be, and the same hereby is, DENIED.

4     DATED August 9, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -