1
2
3
4
5                     **UNITED STATES DISTRICT COURT**
6                              **DISTRICT OF NEVADA**
7
8   BRENDA BLANFORD,                          2:12-CV-852 JCM (RJJ)
9              Plaintiff(s),
10  v.
11  SUNTRUST MORTGAGE, INC.,
12             Defendant(s).
13
14                                    **ORDER**

Presently before the court is defendant SunTrust Mortgage, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 15). Plaintiff Brenda Blanford has not filed an opposition. Defendant filed a notice of non-opposition. (Doc. # 17).

**I.     Background**

On or about October 16, 2008, plaintiff purchased the real property located at 9353 Magic Flower Ave., Las Vegas, Nevada. (Doc. # 15, Ex. A).[1] To finance the purchase of the property, plaintiff took out a loan of $288,000 from RMS & Associates, which was secured by a deed of trust. (Doc. # 15, Ex. B). The deed of trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee of the lender. (*Id.* at 2). Additionally, the deed of trust identifies

---

[1] The court judicially notices the deed, deed of trust, assignment, and notice of default, properly recorded in Clark County, provided in defendant's motion to dismiss. *Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.")

**James C. Mahan**
**U.S. District Judge**

Title & Closing, Inc. as the trustee. (*Id.* at 2). The deed of trust expressly allowed the lender to foreclose on the property in the event of default and to substitute a new trustee thereunder. (*Id.* at 13-14). The beneficial interest in the deed of trust was assigned to Aztec Foreclosure Corporation at an unprovided date, and then later assigned to SunTrust on July 21, 2011. (*See* docs. ## 15, Ex. C & D).

Plaintiff began to default on her payments beginning on June 1, 2010. (Doc. # 15, Ex. D); (Doc. #1, Ex. B, First Amended Complaint, at ¶ 6) ("On or about 2010 Plaintiff's employer cut her hours at work and she was unable to afford her monthly mortgage payments."). Plaintiff's default triggered the beneficiary's right to foreclose on the property under the deed of trust. (Doc. # 15, Ex. B). On January 26, 2011, Aztec Foreclosure Corporation, acting as trustee, recorded a notice of default. (Doc. # 15, Ex. D). The property was sold via short sale for $185,000 in June 2012.

Prior to the short sale, plaintiff filed a complaint in state court alleging all of the following causes of action: (1) injunctive relief; (2) breach of covenant of good faith and fair dealing; (3) specific performance; (4) promissory estoppel; (5) detrimental reliance/equitable estoppel; (6) tortious interference with a contract; (7) negligent interference with a contract; (8) negligence; (9) negligent performance of an undertaking; and, (10) punitive damages. The court will address each in turn. As the factual basis for these causes of actions, plaintiff essentially contends that defendant took an unreasonable amount of time to approve prior potential short sales to identified buyers.

**II.     Legal Standard**

Two general legal standards provide the analytical framework for the instant motion: local rule 7-2(d) and FED.R.CIV.P. 12(b)(6).

A.  Local Rule 7-2(d)

Local rule 7-2(d) warns that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The court could grant defendant's motion to dismiss solely on plaintiff's failure to respond. However, there is a strong preference that federal courts decide cases on the merits. *See generally Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting "the strong policy underlying the Federal Rules of Civil

**James C. Mahan**
**U.S. District Judge**

Procedure favoring decisions on the merits"). The court will nevertheless address each of plaintiff's causes of action, and, ultimately, reach the same conclusion.

### B. Failure to State a Claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

### III. Discussion

#### A. Plaintiff's First Claim - Injunctive Relief

Plaintiff's first cause of action seeks injunctive relief to approve a short sale after receipt of

certain documents, to require defendant to remove any negative items from plaintiff's credit report, and damages in excess of $10,000 . (Doc. # 1, Ex. B). This cause of action fails for multiple reasons.

To begin, "it is well established that injunctive relief is a remedy, and not an independent cause of action." *Josephson v. EMC Mortg. Corp.*, No. 2:20-cv-336-JCM-PAL, 2010 WL 4810715, at *3 (Nov. 19, 2010) (internal citations omitted). Further, plaintiff admits default. *See* Part I *infra*. This admission precludes all likelihood of success, which is a necessary element for injunctive relief. *See Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits. . . ."); *see also* 15 U.S.C. § 1681s-2(a)(1)(A) and (B) (requiring truthful reporting of information to consumer reporting agencies). Plaintiff's first cause of action fails to state a claim.

B. Plaintiff's Second Claim - Breach of Contract: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges that defendant breached the implied covenant of good faith and fair dealing by interfering with or failing to cooperate or approve the short sale within a reasonable period of time.

"Where the terms of a contract are literally complied with but one party to the contract deliberately [contravenes] the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods. Inc.*, 107 Nev. 226, 232, 808 P.2d 919, 922-23 (1991). To prevail under the contract theory of breach of implied covenant of good faith and fair dealing, a plaintiff must establish each of the following: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and, (4) plaintiff's justified expectations were denied. *See Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995).

Plaintiff wholly fails to establish these elements in her complaint. The deed of trust requires that the lender, or trustee, give notice to the borrower of any default before proceeding with any

available remedies. (Doc. # 15, Ex. B at ¶ 22). Plaintiff was provided with a notice of default and continued to remain in default after the notice. (*See* Doc. # 15, Ex. D); (Doc. #1, Ex. B, First Amended Complaint, at ¶ 6) ("On or about 2010 Plaintiff's employer cut her hours at work and she was unable to afford her monthly mortgage payments.").

The deed of trust then expressly states that "[i]f the default is not cured on or before the date specified in the notice, Lender at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by Applicable Law." (Doc. # 15, Ex. B at ¶ 22). The deed of trust expressly permits the lender, or trustee, to effectuate a number of different remedies, including short sale. (*See id.*). The lender, or trustee, selects which available remedy to pursue, and there is no obligation for either to negotiate with the borrower whatsoever after default and failure to cure the default. (*See id.*). Plaintiff has not stated a claim in her second cause of action.

C.  Plaintiff's Third Claim - Specific Performance

Specific performance is a form of contractual remedy and not an independent cause of action. *See Carcione v. Clark*, 96 Nev. 808, 811, 618 P.2d 346, 348 (1990). To be entitled to specific performance plaintiff must establish the breach of a contract by defendant, which she cannot.

Generally, "[t]he elements for a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; (4) resulting damage." *Wachovia Bank, N.A. v. Chaparral Contracting, Inc.*, No. 2:09-cv-00164, 2010 WL 2803016, at *3 (D. Nev. July 12, 2010). Plaintiff did not fully perform under the contract by defaulting. Indeed, plaintiff breached the contract. Plaintiff fails to state a cause of action on her third claim.

D.  Plaintiff's Fourth and Fifth Claims - Promissory Estoppel and Detrimental Reliance/Equitable Estoppel

Both promissory estoppel and equitable estoppel are forms of equitable relief. "In seeking equity, a party is required to do equity." *Overhead Door Co. of Reno, Inc. v. Overheard Door Co.*, 103 Nev. 126, 127, 734 P.2d 1233, 1235 (1987) (discussing preliminary injunctions). Plaintiff

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  conceded that she defaulted on her payments so plaintiff is not entitled to any form of equity.

2  Additionally, promissory estoppel claims are subject to the heightened pleading standards
3  of Nevada Rule of Civil Procedure 9(b) requiring that "the circumstances constituting fraud or
4  mistake shall be stated with particularity." *See e.g., Hasan v. Ocwen Loan Servicing, LLC*, No. 2:10-
5  cv-00476, 2010 WL 2757971, at *2 (D. Nev. July 12, 2010) ("In general, the party claiming estoppel
6  must specifically plead all facts relied on to establish its elements." (citing *Nevada Nat. Bank v. Huff*,
7  94 Nev. 506, 582 P.2d 364, 371 (1978))). "Rule 9(b)'s particularity requires an account of the time,
8  place, and specific content of the false representations, as well as the identities of the parties to the
9  misrepresentations." *Id.*

10  Plaintiff's complaint only states the types of conclusory allegations that *Iqbal* expressly
11  prohibits. *See Iqbal*, 129 S.Ct. at 1949. Plaintiff's complaint states no specific facts (such as time,
12  place or the specific content of a false representation) that would entitle her to relief under a theory
13  of either promissory or equitable estoppel. Plaintiff's fourth and fifth causes of action are dismissed
14  for failure to state a claim.

15  E.  Plaintiff's Sixth Claim - Tortious Interference With a Contract

16  Plaintiff's claims for tortious interference with a contract, like all of her causes of action, are
17  based on the theory that SunTrust caused an unreasonable delay in the short sale process, and that
18  SunTrust should have approved the sales of prior potential short sale buyers. "In an action for
19  intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing
20  contract; (2) the defendant's knowledge of the contract; (3) intensional acts intended or designed to
21  disrupt the contractual relationship; (4) actual disruption of the contract; and, resulting damage."
22  *J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 273-74, 71 P.3d 1264, 1267 (2003). Further, "the plaintiff
23  must demonstrate that the defendant intended to induce the other party to breach the contract with
24  the plaintiff." *Id.* at 276.

25  Plaintiff has not identified in her complaint in any actions by SunTrust aimed at intentionally
26  interfering with plaintiff's alleged short sale contracts with other buyers. Plaintiff alleges only that
27  SunTrust interfered by causing unreasonable delays in the short sale process. However, plaintiff

28

James C. Mahan
U.S. District Judge

- 6 -

1  does not explain how that unreasonable delay was specifically intended to cause the alleged buyer's
2  to breach their short sale contract as required by this cause of action. *See id.*, 119 Nev. at 269-276.
3  In any event, the deed of trust enabled SunTrust, as trustee, to pursue a variety of possible remedies
4  after default of the plaintiff–the entire short sale was with the permission and at the discretion of
5  SunTrust. Plaintiff has failed to state a cause of action for tortious interference with a contract.

6        F. Plaintiff's Seventh Claim - Negligent Interference With a Contract

7  The Nevada Supreme Court has considered and rejected a cause of action for negligent
8  interference with a contract. *Local Joint Exec. Bd. of Las Vegas, Culinary Workers Union, Local*
9  *No. 226 v. Stern*, 98 Nev. 409, 411, 651 P.2d 637, 638 (1982) (recognizing that "a small minority
10 of jurisdictions do permit recovery for negligent interference with economic expectancies under
11 certain limited circumstances" before "declin[ing] to adopt the minority view allowing such
12 recovery."). Plaintiff's seventh has failed to state a claim in her seventh cause of action.

13       G. Plaintiff's Eighth Claim - Negligence

14 Plaintiff asserts that defendant was negligent for taking too long to approve prior short sales.
15 To state a cause of action for negligence, a plaintiff must prove that the defendant owed a duty to
16 him, a breach of that duty by defendant, the breach caused plaintiff's injuries, and plaintiff suffered
17 damages. *See Scialabba v. Brandise Constr. Co.*, 112, Nev. 965, 921 P.2d 928 (1996). SunTrust
18 simply owed no legal duty to plaintiff to negotiate or approve a short sale.

19 This court has stated before that "as a general rule, a financial institution owes no duty of care
20 to a borrower when the institution's involvement in the loan transaction does not exceed the scope
21 of its conventional role as a mere lender of money." *Hubel v. BAC Home Loans Servicing, LP*, No.
22 2:10-cv-1476, 2010 WL 4983456, at *3 (D. Nev. Dec. 2, 2010). Without such a duty, plaintiff's
23 negligence claim must fail.

24       H. Plaintiff's Ninth Claim - Negligent Performance of an Undertaking

25 Negligent performance of an undertaking "reflects the 'Good Samaritan' doctrine." *Dow*
26 *Chemical Co. v. Mahium*, 114 Nev. 1468, 1492, 970 P.2d 98, 114 (1998), *abrogated on other*
27 *grounds by GES, Inc., v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (2001). A defendant may be liable under
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  this theory when the defendant "undertakes, gratuitously or for consideration, to render services to
2  another which he should recognize as necessary for the protection of a third person or his things, is
3  subject to liability to the third person for physical harm resulting from this failure to exercise
4  reasonable care to perform his undertaking if: (a) his failure to exercise reasonable care increases the
5  risk of such harm or (b) he has undertaken to perform a duty owed by the other to the third person
6  or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."
7  *Id.* (citing Restatement (Second) of Torts § 324A (1979)).

8      Plaintiff has failed to allege facts sufficient for this cause of action to survive the pleading
9  stage. Plaintiff has not alleged any harm to a third person. Moreover, assuming that SunTrust could
10 even be liable under a tort theory to plaintiff, SunTrust fully complied with the deed of trust.
11 SunTrust had no duty to approve a short sale and it was plaintiff that defaulted and failed to perform
12 under the deed of trust. Plaintiff's ninth cause of action fails to state a claim.

13     I. Plaintiff's Tenth Claim - Punitive Damages

14     Almost half of plaintiff's claims, including punitive damages, are actually remedies and not
15 an independent cause of action. All of plaintiff's substantive causes of actions fail; accordingly,
16 plaintiff cannot be entitled to any punitive damages. Further, a defendant's conduct must be
17 outrageous and reprehensible to warrant punitive damages. *BMW of North America v. Gore*, 517
18 U.S. 559, 575 (1996) ("Perhaps the most important indicium of the reasonableness of a punitive
19 damages award is the degree of reprehensibility of the defendant's conduct."). Plaintiff has stated
20 no facts, nor could she, that suggest SunTrust's behavior was reprehensible. Plaintiff's tenth claim
21 must fail.

22     Accordingly,
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 8 -

1    IT IS ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss for
2 failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (doc. #15) be, and the same
3 hereby is, GRANTED and plaintiff's complaint is DISMISSED without prejudice.
4    DATED October 1, 2012.

_____
UNITED STATES DISTRICT JUDGE